## W. W. HULINGS, ET AL., *v.* H. C. McDOWELL, ET AL.

**Receiver's Bond—Trust Estate—Pleading.**

Before persons may maintain a suit against a receiver and his bondsman they must aver that they are creditors, and also that the fund sued for is not subject to the jurisdiction of the court in the receivership proceedings. A fund being administered by the chancellor cannot be sued for, recovered and appropriated in another suit by a portion of the parties to whom the fund belongs.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 15, 1875.

OPINION BY JUDGE COFER:

It appears from the petition in this case that prior to the 25th of May, 1863, George E. H. and Henry W. Gray made an assignment of their property, or at least of some of it, to Alfred Harris, in trust for their creditors; that Harris commenced suit in equity in the Louisville chancery court to sell some or all of the trust property, and to settle the trust. In that case judgment was rendered to sell a lot of ground embraced in the assignment or deed of trust, and it was accordingly sold on the 25th of May, 1863, for the sum of $900, and two bonds, for $450 each, were given by the purchaser for the price, both of which were collected by Thomas P. Smith, late receiver of the chancery court. The money thus collected was paid into a bank designated as the depository for funds in court. It was made the duty of the receiver to enter all money collected by him as receiver in a book which he was required to keep, to the credit of the particular case to which the money belonged; but Smith failed to enter to the credit of the case of Harris's trustee against Gray's

creditors, the sum of $481.20, collected July 21, 1864, on one of the bonds given for the price of the lot.

The appellants (plaintiffs) also allege that among the creditors of said George E. H. and Henry Gray were A. F. Clark, Jonathan Clark, Willis Frances, and Slaughter, Carpenter & Co.; that by the last report of the commissioners of the court in said case of Harris's trustee, which was approved, there was due and owing said persons, after deducting the dividend distributed by said report, the follownig sums, to wit: to A. F. Clark, the sum of $203.25, to Jonathan Clark, the sum of $646.20; to W. Francis, $247.39; to Slaughter, Carpenter & Co., $128.45, and that these persons had all assigned their interest in said cause of Harris's trustee, to W. W. Hulings, one of the plaintiffs, and that all of said sums remain due and wholly unpaid.

It is then averred that Smith, as receiver, executed a bond with the appellees and some others as his sureties, covenanting that he would faithfully discharge all the duties imposed on him by the rules of court; and as showing a breach of this covenant, it is further averred that Smith failed and refused to make the proper entries of the collection of the aforesaid sum of $481.20 on the proper books in his office, and that the direct inevitable consequence of such failure was that said sum of $481.20, which should have been distributed among the creditors in the case of Harris's trustee, and would have been so done, but for said fraudulent acts of said Smith as receiver, were paid out in other cases in which said Smith had collected money and appropriated it to his own use; that said Smith fraudulently failed to enter said payment of $481.20, for the purpose of using the same in payment of claims in other cases in which he was a defaulter.

To this petition the sureties of Smith answered, setting up and relying upon certain proceedings had in the Louisville chancery court in reference to the accounts of Smith as receiver; and they also denied that they had any knowledge or information sufficient to form a belief that the persons named in the petition as such are or were creditors of George E. H. and H. W. Gray.

The plaintiffs demurred to the second paragraph of the answer, which contained both the matters relied upon as a defense, to which we have first adverted, and their demurrer having been overruled, they elected to abide by it, and their petition was dismissed and they have appealed.

The only questions presented in argument were as to the constitutionality and effect of the act of assembly, under which the proceed-

ings relied upon in bar of the action were had; but it must be apparent that if the petition does not contain a statement of facts constituting a cause of action, no question as to the sufficiency of the answer can arise, and it seems to us equally clear that if that part of the answer demurred to contains a defense, no matter whether it be the particular defense intended by attorneys to be reached by the demurrer or not, that the order overruling the demurrer must be affirmed.

Unless the appellants are creditors of Grays, they do not claim to have a cause of action on Smith's bond, and hence it was necessary that they should allege that they were creditors; and as that allegation was a material one, the appellees had a right to deny it if they could; and if they were ignorant of the facts, they were not bound either to deny the allegation or to admit that it was true, but might deny that they had any knowledge or information sufficient to form a belief, whether the alleged fact was true or not, and this they did.

It is insisted, however, that the record of the case of *Harris's Trustee v. Gray's Creditors* would have shown whether the allegation was true or not, and as that record was accessible to the appellees, it was their duty to examine it, and either to admit or deny the allegation, as the result of an inspection of the record might warrant. The appellants referred to the record, which they say will show that they are creditors, and made it a part of their petition, and if they had filed a copy with the petition, or at any time before the appellees filed their answer, and it had appeared from the record that appellants were creditors, we incline to the opinion that they could not have answered by simply denying any knowledge or information as to a fact thus conclusively established. But if this were not the case, we are still of the opinion that the petition was insufficient.

The appellants do not allege that they are the only creditors of Grays, but by saying that among the creditors were certain named persons, they show that there were other creditors besides those named.

It does not appear from the petition what were the terms of the assignment made by Grays. The petition therefore failed to show that the appellants were damaged one cent by the alleged delinquencies of the receiver.

It also failed on other grounds to show a cause of action. It does not appear whether the assignment was made for the benefit alike of all creditors of Grays. For all that is alleged, there may have been

preferred creditors who were unpaid, and whose debts would consume the whole fund, and in that case the appellants had no interest in it.

Unless, conceding all the allegations of a petition to be true, it is certain that the plaintiff has a right to recover, unless defeated by a plea of confession and avoidance, the petition is insufficient. An answer by the appellees that there were other creditors who were entitled in preference to the appellants, would have shown that they had no right to recover; and yet such an answer would neither controvert any fact alleged nor confessed and would avoid the appellants' case. It results that the petition was defective on this point.

Another objection equally fatal to the appellants' case is, that it does not appear but that the suit of Harris's trustee against the creditors of Grays, still pending, and the fund sued for are still subject to the orders of the court in that case, and it would be strange indeed if a fund, being administered by the chancellor, could be sued for, recovered and appropriated in another suit by a portion of the parties in the suit to which the fund belongs.

It is true, as a general proposition, if the rule is not universal, that a fund in the hands of a receiver cannot be sued for without leave of the court, until the court has disposed of it and ordered it to be paid out.

Other objections to the sufficiency of the petition exist, but it is deemed unnecessary to discuss them.

We decline to express an opinion as to either the constitutionality or effect of the act of assembly referred to, because there is no necessity for it in this case, and anything we might say on that subject would be extra-judicial, and for the further reason that because of the sufficiency of the second paragraph of the answer taken as a whole, and because of the insufficiency of the petition, we would be compelled to affirm the judgment although we might decide the act to be unconstitutional, or that it did not, if constitutional, operate to bar a suit on the receiver's bond.

Wherefore the judgment is *affirmed*.

*Fred B. Cochran, for appellants.*

*Mix & Boothe; Barr, Goodloe & Humphreys, for appellees.*